ON REHEARING
SCHOTT, Judge.
We granted a rehearing on the application of plaintiffs-buyers, in order to reconsider their entitlement to penalty and attorney’s fees and our assessment of court costs against both parties.
We reaffirm our original opinion to the extent that defendants failed to complete the house by sun down on February 13 and thereby breached their contract with plaintiffs, entitling plaintiffs to the return of their deposit.
The contract contains a reciprocal right to the same penalty of $2,000 and attorney’s fees in the event of a breach by either party. In this case, the penalty and attorney’s fees were demanded not only by plaintiffs in their main demand but also by defendants in their reconventional demand. Thus, both parties recognized that these provisions of their contract were subject to enforcement by the court. This position is consistent with LSA C.C. Art. 1945’s provisions:
“Legal agreements having the effects of Law upon the parties, none but the parties can abrogate or modify them. Upon this principle are established the following rules:
* % H< * sfc #
Second-That courts are bound to give legal effect to all such contracts according to the true intent of all the parties;
Third-That the intent is to be determined by the words of the contract, when these are clear and explicit and lead to no absurd consequences; Fourth-That it is the common intent of the parties-that is, the intention of all— that is to be sought for; if there was a difference in this intent, there was no common consent and, consequently, no contract.”
We repudiate the suggestion that the penalty is unreasonable in this case. Aside from the law which binds parties to their contract, the penalty in this case amounts to liquidated damages which were agreed to in order to save the parties from the diffi *815 cult task of proving actual damages. Since their intention was clear, the contract should be enforced. C.C. Art. 1963.
We distinguish this case from Ducote v. Katz, 361 So.2d 1320 (La.App. 4th Cir. 1978) on the facts. In the Ducote case the court did not award penalties and attorney’s fees because the purchasers had indicated that they were unwilling to proceed with the sale even if the inspection took place on the last day by the agreement. The court noted that the seller had until sunset on June 28, 1976, to meet the inspection condition. In the instant case, there is evidence that the seller had not completed the work before sunset on the last day provided for the sale so that the seller alone was at fault in failing to comply with the agreement.[1]
Accordingly, the judgment appealed from is affirmed and defendants are to pay all costs, including the cost of the appeal.
AFFIRMED.
REDMANN, J., dissents in part.

. In accordance with our internal rules this case was submitted to the court en banc at the request of the dissenting judge because of his view that the case was in conflict with Ducote v. Katz. A majority of the court en banc were of the opinion that no conflict existed between the cases because they were factually distinguishable.
1. Douglas Weber testified that he was informed by telephone by Fred Weber that the fire blocking was completed while the parties were at the act of sale: “At the act of sale I assured the Jordans that it had been done right then and there and if they would like to go out and inspect it I would be happy to wait to let them go back and inspect and let them be sure the fire blocking was done.... Their counsel advised them that that wasn’t necessary. They had been there for the inspection as agreed upon and that they didn’t need to go back and inspect. We did have all that completed by 4 o’clock.”
Fred Weber also testified that he was doing the fire blocking as the buyers left the site after their 3 p. m. inspection and that he completed it right away. However, he also testified that he “[went] home that night .. . [about] 5 or 6 o’clock. Q. That is when you finished up? A. Pretty much.” The trial judge could have concluded that, notwithstanding the other testimony to the contrary, the seller did not prove that the fire blocking was finished before 5 or 6 p. m., much less before the 4 p. m. time set (set that day) for the act of sale. (One could even conclude it was not proven that the blocking was finished before sunset-5:47 p. m. in New Orleans that day-but that is immaterial because neither party attempted to put the other in default except at the 4 p. m. act of sale.
Accordingly (unless the substantial performance doctrine applies to the building contract aspect of a buy-sell contract on a building being built) the buyers had the right to refuse the 4 p. m. tender. But at 4 p. m. they had no right to demand penalty and attorney fees because the seller had until 5:47 p. m. (sunset) to perform, and, rather than demand performance by 5:47 p. m., they refused to accept any performance after their 3 p. m. inspection. Our original opinion therefore correctly followed Ducote v. Katz, La.App. 4 Cir. 1978, 361 So.2d 1320.